CV 13- 5792

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------x
DR. GERALD FINKEL, as Chairman of the Joint   :   Index No.: _____
Industry Board of the Electrical Industry,    :
                                              :
                        Plaintiff,            :
                                              :
        -against-                             :   **COMPLAINT**
                                              :
                                              :
FRANK TORRONE & SONS SIGN CO.                 :
a/k/a oR d/b/a TORRONE SIGNS,                 :
                        Defendant.            :
-----------------------------------------------------------------x

Plaintiff Dr. Gerald Finkel, as Chairman of the Joint Industry Board of the Electrical Industry (the "Joint Industry Board"), for his complaint alleges and avers as follows:

## INTRODUCTION

1. This is an action by a fiduciary of various employee benefit plans against defendant Frank Torrone & Sons Sign Co. a/k/a of d/b/a Torrone Signs ("Frank Torrone & Sons" or the "Company"), for relief pursuant to §§404, 409, 502 and 515 of the Employee Retirement Income Security Act of 1974, as amended ("ERISA"), 29 U.S.C. §§1104, 1109, 1132 and 1145, and to collect various other sums due to the Joint Industry Board in accordance with the terms of a collective bargaining agreement pursuant to §301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. §185.

## JURISDICTION AND VENUE

2.      The Court has jurisdiction over this action pursuant to 28 U.S.C. §1331; 29 U.S.C. §§1132(a)(2)-(a)(3), 1132(f) and 1145 (§§502(a)(2)-(a)(3), 502(f) and 515 of ERISA); and 29 U.S.C. §185(a) (§301(a) of the LMRA).

3.      As the Joint Industry Board maintains its principal office in this district and the various employee benefit plans are administered and maintain their principal offices in this district, venue lies in this district under §502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2); and §301(a) of the LMRA, 29 U.S.C. §185(a).

## THE PARTIES

4.      The plaintiff is the Chairman of the Joint Industry Board, the administrator of various employee benefit plans established and maintained pursuant to collective bargaining agreements between Local Union No. 3 of the International Brotherhood of Electrical Workers, AFL-CIO (the "Union"), and employer associations and independent or unaffiliated employers in the electrical, elevator, sign, television, burglar alarm and other related industries. The Joint Industry Board maintains its principal place of business at 158-11 Harry Van Arsdale Jr. Avenue, Flushing, New York 11365.

5.      The Joint Industry Board is the administrator and fiduciary within the meaning of §§3(16)(A)(i) and 3(21)(A) of ERISA, 29 U.S.C. §§1002(16)(A)(i) and 1002(21)(A), of each of the following employee benefit plans: the Pension, Hospitalization and Benefit Plan of the Electrical Industry, the Dental Benefit Fund of the Electrical Industry, the Deferred Salary Plan of the Electrical

Industry, the Educational and Cultural Trust Fund of the Electrical Industry, the Annuity Plan of the Electrical Industry, and the Health Reimbursement Account Plan of the Electrical Industry (collectively the "ERISA Plans"), and also the Joint Apprenticeship and Training Program. Each of the ERISA Plans is an employee benefit plan within the meaning of §3(3) of ERISA, 29 U.S.C. §1002(3), and a multiemployer plan within the meaning of §3(37) of ERISA, 29 U.S.C. §1002(37). Each of the ERISA Plans is also jointly administered by a board of trustees that is comprised of labor and management representatives who share equal representation in the administration of the Plans in accordance with §302(c)(5) of the LMRA, 29 U.S.C. §186(c)(5).

6. The Deferred Salary Plan of the Electrical Industry (the "DSP") is a tax-qualified profit-sharing plan with a cash or deferred arrangement within the meaning of §401(k) of the Internal Revenue Code (the "Code"). Pursuant to a collective bargaining agreement, employers are required to deduct a specified percentage from the weekly wages of each eligible employee covered by the collective bargaining agreement and to remit such amounts plus additional salary deferrals made at the election of the Employee (together, "Employee Contributions"), to the DSP, along with related payroll reports. The Employee Contributions are employee-elective contributions, which, but for the salary deferrals, would have been paid to the employees as wages. Employers are also sometimes required to remit employer contributions to the DSP on behalf of all covered employees ("Employer Contributions"), in addition to the Employee Contributions and without regard to any election by the employees. The Employee Contributions and the Employer

Contributions to the DSP are collectively referred to hereafter as "DSP Contributions." Employers are require to send all DSP Contributions and related payroll data to the DSP in care of Mercer Trust Company ("Mercer"), the third-party record-keeper and investment manager retained by the DSP for such purposes. All DSP Contributions are allocated to individual bookkeeping accounts in the name of the covered employees, who are entitled to direct the investment of their DSP Contributions from among various investment alternatives selected by the Trustees of the DSP.

7. The contributions to the ERISA Plans and the Joint Apprenticeship and Training Program, but not the DSP, are collectively referred to as the "JIB Contributions." The JIB Contributions with the DSP Contributions are hereafter referred to together as the "Required Contributions."

8. The Joint Industry Board is the Administrator of all of the ERISA Plans and the Joint Apprenticeship and Training Program (collectively, the "Plans"). Under the collective bargaining agreements, signatory employers, including the Company, are required to remit the Required Contributions, as well as summaries of their payroll records.

9. The Joint Industry Board and each of the Plans are third-party beneficiaries of the collective bargaining agreements.

10. Upon information and belief, the Company is, and at all times relevant to this action has been, a New York corporation. According to the New York Secretary of State's website, the Company's registered address is 400 Broadway, Staten Island, NY 10310. Upon information and belief, at all times relevant to this action, the Company was engaged in the electrical contracting business within the metropolitan New

York area. The Company is, and at all times relevant to this action, has been, an "employer" within the meaning of §3(5) of ERISA, 29 U.S.C. §1002(5) and §301(a) of the LMRA, 29 U.S.C. §185(a).

## FACTUAL BASIS FOR CLAIMS

### The Collective Bargaining Agreements and the Obligation to Remit Contributions

11. The Company, as a member of the Sign Association (the "Association") is bound to the terms of the collective bargaining agreement between the Union and the Association, for the period effective May 8, 2013, through May 11, 2016 (the "CBA").

12. Upon information and belief, at all relevant times, including but not limited to the period from the week ending May 1, 2013, to the present, the Company paid its covered employees at the wage rates set forth in the CBA.

13. Pursuant to the CBA, the Company is required to remit the Required Contributions at the rates set forth in the CBA for any employee performing work covered by the CBA.

14. Pursuant to the CBA, each week ends on a Wednesday, and the Payroll Reports, DSP Reports, and Required Contributions are due the following Tuesday.

15. Along with the weekly JIB Contributions, the Company is required to submit payroll reports ("Payroll Reports") to the Joint Industry Board that provide the name, gross wages, and hours worked for each worker employed by the Company on whose behalf JIB Contributions are made.

16. Along with the weekly DSP Contributions, the Company is required to submit reports to Mercer that set forth the amounts of Employee Contributions, Employer Contributions and loan repayments being deducted from employee wages and remitted to Mercer. These reports are referred to as hereafter the "DSP Reports."

17. Upon information and belief, at all relevant times, including but not limited to the period from the weeks ending May 1, 2013, through October 16, 2013, the Company failed to submit certain Payroll Reports to the Joint Industry Board as required by the CBA, while previously it had done so.

18. Upon information and belief, at all relevant times, including but not limited to the period from the weeks ending May 1, 2013, through October 16, 2013, the Company failed to submit certain DSP Reports as required by the CBA, while previously it had done so.

19. Upon information and belief, at all relevant times, including but not limited to the period from the weeks ending May 1, 2013, through October 16, 2013, the Company failed to pay certain Required Contributions at the specific rates set forth in the CBA, while previously it had done so.

20. Upon information and belief, at relevant times, the Company has acknowledged that it is bound to the CBA by paying certain delinquent Required Contributions upon the Joint Industry Board's request.

21. Upon information and belief, at relevant times, the Company has acknowledged that it is bound to the CBA by submitting its books and records to audit

upon the Joint Industry Board's request (to verify whether all contribution payments were made in accordance with the terms of the CBA).

22. The CBA and the Trust Agreements establishing each of the Plans are agreements between the Union and various employers and employer associations within the meaning of §§502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145, and within the meaning of §301(a) of the LMRA, 29 U.S.C. §185(a). In addition, the CBA and the Trust Agreements of the ERISA Plans are plan documents within the meaning of §§502(a)(3) and 515 of ERISA, 29 U.S.C. §§1132(a)(3) and 1145.

23. As Administrator of the ERISA Plans, the Joint Industry Board has adopted a delinquent contribution policy calling for the assessment of interest on late-paid contribution due and owing to the ERISA Plans, at the rate established by the ERISA Plans or in accordance with §6621 of the Code, 26 U.S.C. §6621.

24. The Joint Industry Board has also adopted a delinquent contribution policy calling for the assessment of interest on late-paid contributions to the Joint Apprenticeship and Training Program in accordance with §6621 of the Code, 26 U.S.C. §6621.

## The Company's Failure to Remit Required Contributions

### A. Unpaid Contributions

25. Upon information and belief, for all relevant periods, the Company employed employees who performed work covered by the CBA.

26. The Company has not paid certain Required Contributions owed for the weeks ending May 1, 2013, through October 16, 2013.

27. The Joint Industry Board is unable to determine the exact amount of JIB Contributions owed for the weeks ending May 1, 2013, through October 16, 2013, because the Company has failed to submit to the Joint Industry Board all of the required Payroll Reports upon which calculations of the amount of the JIB Contributions are based.

28. To date, the Company has failed to remit certain JIB Contributions for said period.

29. The Joint Industry Board is also unable to determine the exact amount of required DSP Contributions owed for the weeks ending May 1, 2013, through October 16, 2013, because the Company has failed to submit to Mercer all of the DSP Summaries upon which calculations of the amount of DSP Contributions owed are based.

30. To date, the Company has failed to remit certain DSP Contributions for said period.

31. The Company remains obligated to pay the Required Contributions to all Plans due under the CBA that will accrue between the date this Complaint is filed and the date judgment is entered.

**B. Interest on Required Contributions that Remain Unpaid or Were Paid Late**

32. The Company paid the JIB Contributions and/or DSP Contributions late for various dates during the period of the weeks ending May 1, 2013, through October 16, 2013, and previously. Consequently, the Company owes interest on those late-paid Required Contributions.

33. By letter dated August 16, 2013, the Joint Industry Board provided the Company with a detailed statement(s) reflecting the interest assessed on late-paid JIB Contributions and/or DSP Contributions and demanded payment thereof.

34. To date, the Company has failed and refused to remit any interest payment.

35. The Joint Industry Board calculates and demands interest on late-paid JIB Contributions on a quarterly basis. Upon information and belief, the Company has paid Required Contributions after they were due for additional weeks beyond those referenced in the foregoing letter(s). Consequently, the Company owes interest on all such late-paid Required Contributions.

## C. Other Amounts

36. Upon information and belief, additional amounts will continue to become due and owing during the pendency of this action as the Company continues to fail to pay, or timely pay, Required Contributions.

37. The Company remains obligated to pay Required Contributions to all Plans due under the CBA that will accrue between the date this Complaint is filed and the date judgment is entered.

## FIRST CAUSE OF ACTION

38. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

39. Section 515 of ERISA, 29 U.S.C. §1145, requires that "[e]very employer who is obligated to make contributions to a multiemployer plan under the terms of the plan or under the terms of a collectively bargained agreement shall to the extent not inconsistent with law make such contributions in accordance with the terms and conditions of such plan or such agreement."

40. Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2), mandates that in any action brought by a fiduciary on behalf of a plan to enforce Section 515 in which a judgment in favor of the plan is awarded, the court shall award the plan,

    (a) the unpaid contributions,
    (b) interest on the unpaid contributions,
    (c) an amount equal to the greater of
        (i) the interest on the unpaid contributions or;
        (ii) liquidated damages provided for under the plan in an amount not in excess of 20 percent of the [unpaid contributions],
    (d) reasonable attorney's fees and costs of the action, and
    (e) such other legal or equitable relief as the court deems appropriate.

For purposes of this paragraph, interest on unpaid contributions shall be determined by using the rate provided under the plan, or, if none, the rate prescribed under §6621 of title 26.

41. The Company's failure to timely (a) remit Required Contributions to the ERISA Plans or (b) submit the weekly Payroll Reports constitutes failure to make Required Contributions in accordance with the documented terms of the ERISA Plans, which violates §515 of ERISA, 29 U.S.C. §1145, and gives rise to an action against the Company pursuant to §502(a)(3) of ERISA, 29 U.S.C. §1132(a)(3).

## SECOND CAUSE OF ACTION

42. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

43. By failing to timely remit the Employee Contributions to the DSP and allowing those DSP assets to be retained in, and commingled with, the Company's general assets, the Company: (a) violated its fiduciary duty to ensure that plan assets of the DSP were held in trust by one or more trustees pursuant to the provisions of §403(a)

10

of ERISA, 29 U.S.C. §1103(a); and (b) permitted plan assets of the DSP to inure to the Company's benefit, in violation of §403(c)(l) of ERISA, 29 U.S.C. §1103(c)(l).

44. As a direct and proximate result of the Company's actions or omissions, the DSP has suffered losses for which the Company is liable, pursuant to §409 of ERISA, 29 U.S.C. §1109.

## THIRD CAUSE OF ACTION

45. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

46. By failing to timely remit the Employee Contributions to the DSP and by causing those plan assets of the DSP to be retained in, and commingled with, the Company's general assets, the Company, acting in its fiduciary capacity: (a) engaged in prohibited transactions; (b) failed to discharge its duties with respect to the DSP solely in the interest of the participants and beneficiaries and for the exclusive purposes of providing benefits to participants and their beneficiaries as well as defraying reasonable expenses of administering the DSP, as required by §404(a)(l)(A) of ERISA, 29 U.S.C. §1104(A)(l)(a); and (c) failed to act with the care, skill, prudence and diligence -- under the circumstances then prevailing -- that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, as required by §404(a)(l)(B) of ERISA, 29 U.S.C. §1104(a)(l)(B).

47. As a direct and proximate result of the Company's repeated failures to discharge its fiduciary duties properly, the DSP and the participants and beneficiaries have suffered losses for which the Company is liable, pursuant to §409 of ERISA, 29 U.S.C, §1109.

11

## FOURTH CAUSE OF ACTION

48. Plaintiff repeats and realleges the allegations set forth in the preceding paragraphs.

49. The Company's failure to remit the Required Contributions in accordance with the CBA is a breach of the CBA, thereby giving rise to an action against the Company pursuant to §301(a) of the LMRA, 29 U.S.C. §185(a).

## PRAYER FOR RELIEF

WHEREFORE, plaintiff prays that the Court enter judgment against the defendant as follows:

A. Ordering the defendant to submit Payroll Reports and DSP Reports for any weeks for which such reports have not been submitted as of the date judgment is entered; and

B. Ordering the defendant to remit the Required Contributions determined by the Court to be due and owing; and

C. Ordering the defendant to pay interest on the amount of Required Contributions found to be due and owing in paragraph B above, calculated through the date that judgment is entered at the rate or rates established by the respective Plans or in accordance with §6621 of the Code, 26 U.S.C. §6621; and

D. Ordering the defendant to pay interest on any late-paid Required Contributions paid prior to the filing of the Complaint, and such further interest as may accrue on that amount calculated at the rate established by the individual Plans or in accordance with §6621 of the Code, 26 U.S.C. §6621 through the date payment of said interest amount is received or the date judgment is entered; and

    E. Ordering the defendant to pay interest on any late-paid Required Contributions paid after the filing of the Complaint, and such further interest as may accrue on that amount through the date payment of said interest amount is received or the date judgment is entered; and

    F. Ordering the defendant(s) to pay an amount equal to the greater of:

      i. the amount due under paragraphs C and E with respect to the ERISA Plans; or

      ii. liquidated damages equal to 20% of the contributions used to calculate the amount due under paragraphs C and E with respect to the ERISA Plans; and

    G. Ordering the defendant(s) to pay the reasonable attorney's fees and costs incurred by the plaintiff in regards to this action; and

    H. Ordering such other legal or equitable relief as the Court deems appropriate.

Dated: October 21, 2013
   Queens, New York

By: _____
Parisis G. Filippatos
Associate Counsel
Joint Industry Board
of the Electrical Industry
*Attorney for Plaintiff*

158-11 Harry Van Arsdale Jr. Avenue
Flushing, NY 11365
(718) 591-2000 ext. 1628
pfilippatos@jibei.com